IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FAULK COMPANY, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA,** in his official capacity as Secretary of HHS, and **CHIQUITA BROOKS-LASURE,** in her official capacity as Administrator of CMS, | § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. INTRODUCTION

1.      This is a civil action whereby Plaintiff Faulk Company, Inc. ("Faulk Company") seeks to restore the statutory due process created by Congress in Section 1411 of the Affordable Care Act ("ACA") with respect to the ACA's employer mandate—an excise tax penalty assessable by the Internal Revenue Service ("IRS") that it calls Employer Shared Responsibility Payments ("ESRP"). This due process is a statutory requirement for the imposition of such Employer Shared Responsibility Payment excise taxes, but the Department of Human & Health Services ("HHS") and the IRS have flagrantly disregarded and utterly ignored it. Relying on a thoroughly misguided regulation issued by HHS's sub-agency—Centers for Medicare & Medicaid Services ("CMS")—purporting to sever the due process required by Section 1411 of the ACA from the "Section 1411 Certification" that is a prerequisite to assessment of any ESRP excise taxes, the IRS decided simply to declare that one of its own letters—Letter 226-J—will serve as the required Section 1411

Certification, notwithstanding the fact that Letter 226-J has absolutely nothing to do with Section 1411 of the ACA whatsoever. In the absence of the due process required by Section 1411 of the ACA, no ESRP excise taxes are assessable, and Faulk Company should be refunded the ESRP excise taxes it paid for calendar tax year 2019, plus interest and costs. Moreover, given that the IRS continues to assess ESRP excise taxes against Faulk Company in reliance on this misguided HHS regulation, the regulation should be set aside as contrary to the statutory text of the ACA and as an arbitrary and capricious exercise of agency rulemaking authority.

## II. PARTIES

2. Plaintiff Faulk Company, Inc., is an organization that is incorporated in the State of Texas and has its principal place of business in Fort Worth, Texas. It provides janitorial services for Texas schools.

3. Defendant United States of America ("USA") is the federal government of the United States of America. Pursuant to Fed. R. Civ. P. 4(i), the United States Attorney for the Northern District of Texas may be served by mailing a copy of this Complaint and the Summons by certified mail to Civil Process Clerk, U.S. Attorney for the Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699, and the Attorney General of the United States may be served by mailing two copies of this Complaint and the Summons by certified mail to U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

4. Defendant United States Department of Health and Human Services—and more particularly its sub-agency Defendant Centers for Medicare and Medicaid Services—is the federal agency in charge of regulating state-based individual health insurance exchanges and operating the federally-facilitated exchange created pursuant to the ACA. HHS and CMS co-signed the

regulation at 45 C.F.R. § 155.310(i), upon which the IRS relies to justify its position that Letter 226-J is a Section 1411 Certification. HHS is headquartered at 200 Independence Avenue SW, Washington, D.C. 20201. CMS is headquartered at 7500 Security Boulevard, Baltimore, MD 21244.

5.  Defendant Xavier Becerra is the Secretary of HHS. He is sued in his official capacity.

6.  Defendant Chiquita Brooks-LaSure is the Administrator of CMS. She is sued in her official capacity.

### III. JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action—Counts One and Two—under 28 U.S.C. § 1346(a).

8.  The prerequisites of 26 U.S.C. § 7422 for a civil action against the United States have been met. Faulk Company paid the wrongly assessed $205,621.71 on December 28, 2021, albeit under protest, and it duly filed a claim for refund on Form 843 shortly thereafter, on January 28, 2022, which was received by IRS on February 1, 2022. As required by 26 U.S.C. § 6532(a), more than six (6) months have elapsed since Faulk Company's refund request. Faulk Company has received no notice of disallowance from IRS, and Faulk Company has not filed a written waiver of the requirement that it be mailed a notice of disallowance.

9.  As this is a refund suit, it is not abrogated by the Anti-Injunction Act or the Declaratory Judgment Act. 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a).

10. Plaintiff also brings this suit—Counts Three and Four—under the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court's inherent equitable powers.

11. This Court also has federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises out of federal law—specifically, 26 U.S.C. § 4980H and Section 1411 of the ACA, codified at 42 U.S.C. § 18081.

12. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1402(a)(2) because Faulk Company's principal place of business is in Fort Worth, Texas.

13. Venue is also proper pursuant to 28 U.S.C. § 1392(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## IV.   FACTS

14. The Patient Protection and Affordable Care Act and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-148, 124 Stat. 119, became law on March 23, 2010. The ACA added Section 4980H to Title 26 of the U.S. Code (the Internal Revenue Code, or the "Code").

15. Under 26 U.S.C. § 4980H, certain "applicable large employers" are subject to an excise tax (referred to by the Treasury Department's Internal Revenue Service as an "Employer Shared Responsibility Payment" or "ESRP") if the employer fails to offer qualifying health coverage to its employees who work at least 30 hours per week under an eligible employer-sponsored plan for any month, but only if one or more employees who work at least 30 hours per week are "certified to the employer under section 1411 of the … [ACA] as having enrolled for such month in a qualified plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee." 26 U.S.C. §§ 4980H(a)(2), 4980H(b)(1)(B) (a "Section 1411 Certification").

16. Section 1411 of the ACA specifically requires HHS to make the Section 1411 Certification. 42 U.S.C. § 18081(f)(2)(A). Moreover, Section 1411 of the ACA and the governing regulations mandate that HHS provide the employer with an appeal to HHS to determine the appropriateness and properly computed amount of any applicable premium tax credit or cost-sharing reduction that HHS proposes to provide to an employee of the employer. Faulk Company has received no such letter or certification from HHS for 2019 or any other tax year, and it has been afforded no such appeal.

17. In 2019 and thereafter, Faulk Company was (and presently still is) subject to the ACA as an "applicable large employer" with more than 50 full-time equivalent employees. Prior to 2019, Faulk Company offered minimum essential coverage to its employees, but stopped doing so because no employees enrolled in it.

18. On or about December 1, 2021, the IRS issued Letter 226-J to Faulk Company for the 2019 tax year. In that letter, the IRS communicated to Faulk Company that the IRS (not HHS) was making the Section 1411 Certification, that it was doing so by and through such Letter 226-J, and that it was therefore imposing an ESRP excise tax against Faulk Company under 26 U.S.C. § 4980H. However, because HHS has not made a Section 1411 Certification or provided any HHS appeal rights, such assessment and collection of any ESRP excise tax from Faulk Company is in error.

19. Instead, in the course of administrative proceedings, the IRS stated that "Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.310(i) provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a Qualified

Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act."

20. Letter 226-J may very well be a general "certif[ication] to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid," but that is not the element under 26 U.S.C. § 4980H that must be satisfied. What's required to impose an ESRP excise tax is something far more specific: one or more employees who work at least 30 hours per week must be "certified *to the employer under section 1411 of the ... [ACA]* as having enrolled for such month in a qualified plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee" 26 U.S.C. §§ 4980H(a)(2), 4980H(b)(1)(B) (emphasis supplied). The phrase, "under Section 1411," modifies "certified to the employer;" it is not a reference to anything having to do with an employee.

21. The reference in 26 U.S.C. § 4980H to that which must be provided to an employer under Section 1411 of the ACA is critical because it is a direct reference to very specific due process requirements that HHS must carry out with respect to employers, but which process HHS has utterly failed to implement.

22. Section 1411 of the ACA enacted 42 U.S.C. §§ 18081(e)(4)(B)(iii) and 18081(e)(4)(C). Under those provisions, if HHS determines that a state or federal health insurance exchange enrollee is eligible for a premium tax credit or cost-sharing reduction because the employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide coverage, but such coverage is not affordable or does not provide minimum value, HHS must notify the state or federal health insurance exchange (hereinafter collectively, "Exchange").

23.     Thereafter, but "within a reasonable timeframe" following the determination that one of the employer's employees is eligible for subsidized coverage, the Exchange must notify the employer of such fact and, additionally, that the employer may be liable for ESRP excise taxes under 26 U.S.C. § 4980H. *See also* 45 C.F.R. § 155.310(h).

24.     HHS specifically acknowledged and conceded in the preamble to its Exchange regulations that the Section 1411 Certification and notice under the ACA could not be delegated to any other government agency, including the IRS. Specifically, the preamble provides:

> Comment: One commentator suggested that IRS, and not HHS, effectuate the notice described in § 155.310(h) because (1) IRS has information about employers subject to free rider assessments, and (2) IRS maintains a database of employer contacts for the transmission of sensitive personal information. Another commentator suggested that reporting to employers should be consolidated and centralized into a Federal process, with information provided on a monthly or quarterly basis.
> Response: Section 1411(e)(4)(B)(iii) provides that this notice must be provided to employers by Exchanges in connection with certain eligibility determinations. *It is not within the discretion of the [HHS] Secretary to shift responsibility for provision of this notice to the IRS.*

77 Fed. Reg. 18357 (Mar. 27, 2012).

25.     Further, Section 1411 of the ACA mandates specific HHS appeals procedures. See, for example, 42 U.S.C. § 18081(e)(4)(B)(iii), which advises that the employer may be liable for an excise tax under 26 U.S.C. § 4980H, and 42 U.S.C. § 18081(e)(4)(C), which advises the employer of its appeal rights. Under those appeal rights, the employer is permitted the opportunity to (1) present information to the Exchange for review of the determination, and (2) have access to the data used to make the determination to the extent allowable by law. 42 U.S.C. § 18081(f)(2)(A).

26.     In enacting the ACA, Congress amended the confidential taxpayer information disclosure rules under 26 U.S.C. § 6103 to facilitate the transfer of information necessary for HHS to make the Section 1411 Certification. 26 U.S.C. § 6103(1)(21) provides HHS with sufficient

information during the HHS appeal process to permit an accurate and proper computation of potential ESRP excise tax liability "within a reasonable timeframe" after the employee applies for Exchange coverage—not two to three years later when history is long written and there is nothing an employer can do about it.

27. Notwithstanding the clear requirement in 26 U.S.C. § 4980H that the employer receive certification specifically "under Section 1411," the IRS relied upon an HHS regulation it says gives it the authority to issue Section 1411 Certifications:

> (i) Certification program for employers. As part of its determination of whether an employer has a liability under section 4980H of the Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a QHP for which a premium tax credit or cost-sharing reduction is allowed or paid.

45 C.F.R. § 155.310(i).

28. The regulation uses the word "certify," but it has nothing to do with Section 1411 whatsoever. What's more, HHS acknowledged this when it proposed the regulation:

> Section 4980H of the Code limits the employer's liability for payment under that provision when the employer offers coverage to one or more full-time employees who are "certified to the employer under section 1411" as having enrolled in a QHP through the Exchange and for whom an applicable premium tax credit or cost-sharing reduction is allowed or paid. We propose to add new paragraph (i) regarding a certification program pursuant to the Secretary's program for determining eligibility for advance payments of the premium tax credit and cost-sharing reductions in accordance with section 1411(a) of the Affordable Care Act. *This certification program is distinct from the notification specified in section 1411(e)(4)(B)(iii) [of the ACA] and paragraph (h) [of the proposed regulation]*.

78 Fed. Reg. 4594, 4636 (Jan. 22, 2013) (emphasis supplied). The notifications required by Sections 1411(e)(4)(B)(iii) and 1411(e)(4)(C) of the ACA—codified at 42 U.S.C. § 18081(e)(4)(B)(iii) and 18081(e)(4)(C), which were combined and implemented together by HHS in 45 C.F.R. § 155.310(h)—are the *only* things in Section 1411 of the ACA that are provided to the employer. They are the *only* things that could rationally be "certified to the employer under section 1411 of the … [ACA]."

29. HHS ignored both phrases, "to the employer" and "under Section 1411," and instead issued a regulation that simply said that as part of the IRS's own process for assessing ESRP excise taxes under 26 U.S.C § 4980H, the IRS should "certify to an employer that one or more employees has enrolled for one or more months during a year in a QHP for which a premium tax credit or cost-sharing reduction is allowed or paid." The language in 45 C.F.R. § 155.310(i) that follows "certify to an employer" comes from 26 U.S.C § 4980H, not Section 1411 of the ACA. Nothing in 45 C.F.R. § 155.310(i) has anything to do with Section 1411 of the ACA, and the IRS's reliance upon this regulation as authority for claiming Letter 226-J is a Section 1411 Certification is sorely misplaced.

30. Neither 45 C.F.R. § 155.310(i) nor Letter 226-J bear any relationship to Section 1411 of the ACA; there is absolutely nothing "*under section 1411*" about either one of them. The only way IRS Letter 226-J could constitute a "certifi[cation] to the employer under section 1411 of the Patient Protection and Affordable Care Act" within the meaning of 26 U.S.C. §§ 4980H(a)(2) and 4980H(b)(1)(B) is if the phrase, "under section 1411 of the Patient Protection and Affordable Care Act," is ignored and given no effect whatsoever. To do so is to rewrite the statute written by Congress and signed into law by the President, something neither the IRS nor HHS can do.

31. The IRS has erred by interpreting HHS regulation 45 C.F.R. § 155.310(i) as authorizing it to issue letters that meet the requirements of 26 U.S.C. §§ 4980H(a)(2) and 4980H(b)(1)(B). HHS has erred by issuing a regulation that severs certification to an employer from everything in Section 1411 that pertains to employers and by failing to implement the due process that section requires, thereby depriving employers of required statutory due process.

32. Receipt of a Section 1411 Certification is a prerequisite to imposition of any ESRP excise taxes, but Faulk Company received no such Section 1411 Certification. Accordingly, Faulk Company seeks a refund of the $205,621.71, which it paid to the IRS on December 31, 2021, following a proposed assessment of ESRP excise taxes issued by the IRS on December 1, 2021, for the 2019 tax year.

33. Furthermore, the IRS continues to pursue ESRP excise taxes against Faulk Company in reliance on an HHS regulation that has altogether severed that which is to be "certified to the employer" from "under Section 1411." HHS regulation 45 C.F.R. § 155.310(i) is therefore contrary to the statutory text of the ACA, and Plaintiff seeks the Court's ruling setting aside that regulation.

**COUNT ONE: Collection of Tax in Violation of the Requirement of
26 U.S.C. § 4980H that Plaintiff Receive a Section 1411 Certification from HHS**

34. Faulk Company incorporates herein all statements and allegations contained in this Complaint.

35. Under 26 U.S.C. §§ 4980H(a)(2) and 4980H(b)(1)(B) and the implementing regulations, an employer is only liable for an ESRP excise tax if it has received a Section 1411 Certification.

36. The ACA requires that any certification under Section 1411 of the ACA be issued by HHS.

37. Faulk Company received no Section 1411 Certification from HHS with respect to 2019 or any other year.

38. On December 1, 2021, the Internal Revenue Service sent Plaintiff a Letter 226-J, proposing that an ESRP excise tax be assessed against Faulk Company, Inc. in the amount of $205,621.71 for tax year 2019 under 26 U.S.C. § 4980H. The IRS communicated to Faulk

Company that "[t]his letter certifies, under Section 1411 of the Affordable Care Act, that for at least one month in the year, one or more of [Faulk Company's] full-time employees was enrolled in a qualified health plan for which a … [premium tax credit] was allowed."

39. HHS has never made a Section 1411 Certification with respect to Faulk Company's 2019 tax year. Additionally, HHS has never provided Faulk Company with any appeal so that Faulk Company could contest or dispute the subsidies given to its employees or otherwise take action on account of its potential excise tax exposure under 26 U.S.C. § 4980H.

40. On December 30, 2021, Faulk Company responded to Letter 226-J by facsimile, stating that it disagreed with the assessment of the aforementioned ESRP excise tax and that, notwithstanding such disagreement, full payment was made (albeit under protest).

41. On December 31, 2021, Faulk Company paid the 2019 ESRP excise tax in full via EFTPS.

42. On January 28, 2022, Faulk Company filed Form 843 with the IRS requesting a full refund of the 2019 ESRP excise tax on the basis that it was unlawfully proposed and assessed.

43. Faulk Company has received no notice of disallowance from the IRS, and Faulk Company has not filed a written waiver of the requirement that it be mailed a notice of disallowance.

44. Under the implementing regulations for Section 1411 of the ACA, the Section 1411 Certification must be issued "within a reasonable timeframe following a determination that the employee is eligible for advance payments of the premium tax credit and cost-sharing reductions." 45 C.F.R. § 155.310(h).

45. The IRS's purported Section 1411 Certification (Letter 226-J) for tax year 2019 was issued more than three (3) years after November 2018 when open enrollment began for 2019

Exchange coverage and two (2) years after December 2019 when the last employee could theoretically have sought 2019 Exchange coverage.

46. Congress designed Section 1411 to provide real-time information to employers in advance of their potential exposure to ESRP excise taxes. Even if Letter 226-J could constitute a Section 1411 Certification, it was too late.

47. Faulk Company, therefore, is not liable for any ESRP excise taxes for 2019, and it should be refunded $205,621.71 in ESRP excise tax payments for the 2019 tax year, plus interest and costs.

48. Moreover, the IRS's position is not substantially justified. The statutory language of the ACA is clear that it is HHS that issues Section 1411 Certifications and that those certifications are part of a process that is to occur in reasonable proximity to an individual's application for subsidized individual coverage from a state exchange or the federally-facilitated exchange. The process concocted by the IRS and HHS deprives employers—and deprived Faulk Company—of critical statutory due process, and it is an unjustifiable position. Therefore, Faulk Company should be awarded its litigation expenses, including attorney's fees, expenses and costs.

**COUNT TWO: Collection of Tax in Violation of the Requirement of
26 U.S.C. § 6751(b) that Penalties Be Approved in Writing by a Supervisor**

49. Faulk Company incorporates herein all statements and allegations contained in this Complaint.

50. Under Code Section 4980H(d)(1), any ESRP excise tax shall be assessed and collected in the same manner as an assessable penalty under subchapter B of chapter 68 of Title 26 of the U.S. Code. Under 26 U.S.C. § 6751(b)(1), which provides procedural requirements for assessment of penalties, no penalty under Title 26 of the U.S. Code may be assessed unless the initial determination of such assessment is personally approved, in writing, by the immediate

supervisor of the individual making such determination or such higher-level official as the Treasury Secretary may designate. Upon information and belief, neither HHS nor the IRS complied with 26 U.S.C. § 6751(b)(1).

51. Faulk Company, therefore, is not liable for any ESRP excise taxes for 2019, and it should be refunded $205,621.71 in ESRP excise tax payments for the 2019 tax year, plus interest.

52. Moreover, the IRS's position is not substantially justified, and Faulk Company should be awarded its litigation expenses, including attorney's fees, expenses and costs.

### COUNT THREE: Administrative Procedure Act – Conflict with Statute

53. Faulk Company incorporates herein all statements and allegations contained in this Complaint.

54. The Administrative Procedure Act ("APA") empowers courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

55. It likewise authorizes courts to set aside agency action "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(C).

56. The HHS regulation at 45 C.F.R. § 155.310(i) conflicts with Section 1411 of the ACA in that it purports to sever certification from Section 1411. It is therefore in excess of statutory authority and not in accordance with law. *See, e.g., Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013) ("It is a basic tenet that 'regulations, in order to be valid, must be consistent with the statute under which they are promulgated.'").

57. HHS regulation 45 C.F.R. § 155.310(i) must therefore be set aside. 5 U.S.C. § 706(2).

### COUNT FOUR: Administrative Procedure Act – Arbitrary and Capricious

58. Faulk Company incorporates herein all statements and allegations contained in this Complaint.

59. The APA empowers courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

60. The HHS regulation at 45 C.F.R. § 155.310(i) "fail[s] to consider . . . important aspect[s] of the problem." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). It also "misconceive[s] the law" and therefore "may not stand." *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943).

61. HHS regulation 45 C.F.R. § 155.310(i) must therefore be set aside. 5 U.S.C. § 706(2).

### V. PRAYER FOR RELIEF

WHEREFORE, Faulk Company requests judgment against the United States of America:

A. Compelling the IRS to refund Faulk Company $205,621.71 that was illegally assessed and collected by IRS, plus interest at the applicable underpayment rate, plus costs;

B. An award of attorney's fees, expenses, and costs; and

C. Such other relief as the Court may deem just and proper.

Further, Faulk Company requests judgment against Defendants HHS, CMS, Secretary Becerra and Administrator Brooks-Lasure in its favor and that the Court:

A. Set aside 45 C.F.R. § 155.310(i) as contrary to statute and an abuse of discretion pursuant to the APA, 5 U.S.C. § 706(2);

B. Issue a declaratory judgment declaring that 45 C.F.R. § 155.310(i) is unlawful and void; and

C. Award Plaintiff such other relief as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Taylor Winn*
Christopher Howe
Texas Bar No.: 10089400
Taylor Winn
Texas Bar No.: 24115960
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 332-2500
(817) 878-9280
christopher.howe@kellyhart.com
taylor.winn@kellyhart.com

David LeFevre
Texas Bar No.: 24072202
*Motion for admission pro hac vice pending*
**LEFEVRE LAW PC**
Mail:	1302 Waugh Dr #189
	Houston, TX 77019
Office:	4201 Main St, Ste 200-153
	Houston, TX 77002
(713) 581-1987
david@erisafire.com

Christine Vanderwater
Texas Bar No.: 24137259
*Motion for admission pro hac vice pending*
**LEFEVRE LAW PC**
Mail:	1302 Waugh Dr #189
	Houston, TX 77019
Office:	4201 Main St, Ste 200-153
	Houston, TX 77002
(832) 225-2289
christine@erisafire.com

**ATTORNEYS FOR PLAINTIFF FAULK COMPANY, INC.**