IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FAULK COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:24-cv-00609 |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES DEPARTMENT OF HEALTH ) | |
| AND HUMAN SERVICES, XAVIER BECERRA, ) | |
| in his official capacity as Secretary of HHS, and ) | |
| CHIQUITA BROOKS-LASURE, in her official ) | |
| capacity as Administrator of Centers for Medicare ) | |
| & Medicaid Services (CMS), ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS**

The Court should dismiss Faulk's complaint because its claims are based on the flawed premise that certain notice and appeal rights in ACA[2] § 1411 are a prerequisite to the IRS's authority under I.R.C. § 4980H to assess an excise tax known as the employer shared responsibility payment ("ESRP") against certain employers that fail to offer to their full-time employees (and their dependents) health insurance coverage that meets ACA standards. The issue before the Court is whether the IRS may assess an ESRP against an employer under I.R.C.

---

[1] Plaintiff names as defendants the United States, the United States Department of Health and Human Services, and two HHS employees, in their official capacities. The United States is the real party in interest. *See* 26 U.S.C. § 7422(f)(1) (providing that tax refund claims "be maintained only against the United States"); *see also St Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 317 (5th Cir. 2009) ("Section 702 of the APA authorizes suits against the United States through a limited waiver of sovereign immunity for 'relief other than money damages' related to an agency's regulatory action.") (citing 5 U.S.C. § 702).

[2] Capitalized terms used herein without definition have the same meanings as in the United States' brief in support of its motion to dismiss. ECF No. 16.

§ 4980H if an Exchange does not provide the employer the notice described in ACA §§ 1411(e)(4)(B)(iii) and (e)(4)(C) and does not give the employer an opportunity to appeal the determination of an employee's initial eligibility for the PTC or cost-sharing reduction under ACA § 1411(f)(2)(A). As detailed below, Congress did not condition the IRS's authority to assess an ESRP on whether an Exchange issued such notices to employers under ACA § 1411 or afforded an employer an opportunity to appeal an employee eligibility determination. Because Faulk's claims are based on the flawed argument that the Exchange notices and appeal rights in ACA § 1411 are a prerequisite to an ESRP assessment under I.R.C. § 4980H, the complaint must be dismissed.

## ARGUMENT

**A.      The IRS's 2019 ESRP assessment against Faulk complied with I.R.C. § 4980H.**

In the complaint, Faulk seeks a tax refund of the 2019 ESRP based on two theories: (1) in count I, Faulk argues that it did not receive the employer notice or opportunity to appeal described in ACA § 1411; and (2) in count II, Faulk argues that the IRS did not obtain supervisory approval under I.R.C. § 6751(b) before assessing the 2019 ESRP. In its response, Faulk agrees to the dismissal of count II. ECF No. 24 at 8. Count I is equally without merit and, like count II, should be dismissed.

Section 4980H(a)(2) of the I.R.C. requires that certain information be "certified to the employer under section 1411 of the [ACA]" before the IRS may assess an ESRP against the employer. The IRS certified to Faulk the information under ACA § 1411 by providing the information required by I.R.C. § 4980H before assessing the 2019 ESRP, yet Faulk claims the certification is invalid because it did not come from HHS and HHS did not provide any appeal

rights. ECF No. 1 ¶¶ 18, 39. The ACA, however, does not require that HHS—as opposed to the IRS—certify the information detailed in I.R.C. § 4980H.

Indeed, Faulk admits that I.R.C. § 4980H does not specify that a particular agency must certify information to the employer. ECF No. 24 at 22. Faulk further admits that although ACA § 1411 requires that an employer receive notice of certain information from an Exchange, "Section 1411 does not use the term 'certify' or any of its forms with respect to an employer." ECF No. 24 at 25. And Faulk admits that the notice described in ACA § 1411(e)(4)(B)(iii) "is not, by itself, coterminous with what Congress envisioned when it wrote, 'certified to the employer under Section 1411.'" *Id.* Yet Faulk claims that "the certification that Code Section 4980H requires employers to have received is the result of the notice *and* appeal procedures—the due process—that Congress required in Section 1411." ECF No. 24 at 26. And Faulk claims that the certification must come from HHS, not IRS. ECF No. 1 ¶¶ 16, 36. Faulk's interpretation of I.R.C. § 4980H is unworkable.

Section 4980H of the I.R.C. requires that certain information be certified to an employer before the IRS can assess an ESRP. And Faulk fails to explain how the notice and appeal provisions of ACA § 1411 can constitute the necessary "certification" under I.R.C. § 4980H when the ACA § 1411 notice does not contain all information required by I.R.C. § 4980H. As even Faulk admits, "Section 1411 does not provide for notice in all circumstances in which an employer would be liable for an ESRP excise tax." ECF No. 24 at 27. For example, as explained in the United States' motion to dismiss, the notice in ACA § 1411 concerns an employee's *initial* eligibility for the PTC or cost-sharing reduction. Section 1411 does not provide for notification of an employee's *ongoing* monthly enrollment in a qualified health plan or the employee's allowance of the PTC. The ESRP, however, is assessed on a per month basis, and I.R.C. § 4980H

3

requires certification of information to an employer for each month that the employer is subject to an ESRP. Such information would not be provided to an employer under ACA § 1411. Faulk fails to address that issue in its response.

In addition, as explained in the United States' motion to dismiss, employees who are enrolled in a qualified health plan through the Exchange are not required to apply for the PTC at the Exchange and can instead claim the PTC on their income tax return. Thus, an employee may claim the PTC on their tax return and the PTC may be "allowed or paid with respect to the employee" within the meaning of I.R.C. § 4980H without HHS ever making a determination of APTC eligibility determination before enrollment and without an Exchange notifying an employer of that determination pursuant to ACA § 1411. Again, Faulk fails to address this issue in its response.

Although notice under ACA § 1411 is not required in all circumstances in which an employer could be liable for the ESRP, the statute makes clear that the IRS may only assess an ESRP if the information described in I.R.C. § 4980H has been certified to the employer. By requiring in I.R.C. § 4980H that information be certified to an employer under ACA § 1411, Congress likely meant only that the certification should be consistent with § 1411. Indeed, certification by the IRS of the information described in I.R.C. § 4980H is consistent with ACA § 1411 for nothing in the ACA requires that HHS be the agency to certify such information to an employer. And, as detailed in the motion to dismiss, the IRS is in the best position to certify the information required by I.R.C. § 4980H.

Although Faulk alleges that it did not receive the notice required by ACA § 1411 or the opportunity to file an appeal with the Exchange, Faulk fails to mention what it would have appealed to the Exchange if given the opportunity under § 1411. Faulk concedes that in 2019 it

was an applicable large employer and that it did not offer its employees the opportunity to enroll in minimum essential coverage through an employer sponsored plan in 2019. Moreover, Faulk had the opportunity to contest the proposed ESRP with the IRS before assessment. *See* ECF No. 17 at 3 (Letter 226-J provides that if Faulk disagreed with the proposed ESRP Faulk should send the IRS a signed statement explaining the basis of any disagreement); *see also* ECF No. 25 at 4-5 (Letter 227-M provides that if Faulk disagreed with the proposed ESRP Faulk could request a meeting or telephone conference with an IRS supervisor and that Faulk could also request a conference with the IRS Office of Appeals). Yet the only basis for Faulk's refund claim is that Faulk did not receive a notice of initial eligibility determinations for its employees under ACA § 1411 or the opportunity to appeal those determinations to the Exchange. Faulk does not otherwise dispute the validity of the 2019 ESRP assessment.

The IRS complied with I.R.C. § 4980H when it assessed the 2019 ESRP against Faulk. That Faulk did not receive notice from the Exchange under ACA § 1411 regarding initial eligibility determinations or the opportunity to appeal such determinations to the Exchange is not a valid basis for a refund under I.R.C. § 7422. Count I must be dismissed under Rule 12(b)(6).

**B.     The Court's decision as to count I should resolve counts III and IV.**

In counts III and IV, Faulk seeks a declaration that HHS regulation 45 C.F.R. § 155.310(i) is void and unenforceable. Even though the ACA does not mention that HHS has the authority or is otherwise required to certify the information required by I.R.C. § 4980H, Faulk claims that 45 C.F.R. § 155.310(i) improperly delegates that authority from HHS to the IRS. Faulk is wrong. The HHS regulation merely confirms that the IRS is the agency that provides the requisite § 4980H certification to employers. In any event, the Court will necessarily resolve whether the IRS complied with I.R.C. § 4980H when it decides count I.

Indeed, if the Court determines that the IRS complied with I.R.C. § 4980H when it assessed the 2019 ESRP against Faulk, Faulk cannot prevail on counts III and IV. Or, if the Court finds that the IRS lacks the authority to certify to employers the information detailed in I.R.C. § 4980H, resolution of counts III and IV is unnecessary.

> **C.    Even if the Court's decision as to count I does not resolve counts III and IV, counts III and IV must be dismissed.**
>
>> **1.    Faulk lacks standing to seek a declaration invalidating 45 C.F.R. § 155.310(i).**

Faulk bears the burden of establishing the elements of Article III standing. *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998)). To establish Article III standing, Faulk must show "injury in fact, causation, and redressability." *Id.*; *see also TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021). Faulk claims that it did not receive the notice and appeal rights described in ACA § 1411. Faulk blames the lack of such notice and appeal rights on HHS regulation 45 C.F.R. § 155.310(i). ECF No. 24 at 18. But that regulation has nothing to do with the notice and appeal rights discussed in ACA § 1411. Indeed, 45 C.F.R. § 155.310(i) provides:

> As part of its determination of whether an employer has a liability under section 4980H of the Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a [qualified health plan] for which a premium tax credit or cost-sharing reduction is allowed or paid.

*Id.*

Certification under I.R.C. § 4980H is a process separate and apart from the Exchange notices and appeal rights described in ACA § 1411. HHS issued a different regulation addressing notice to employers and employer appeal under ACA § 1411:

> (h) Notice of an employee's receipt of advance payments of the premium tax credit and cost-sharing reductions to an employer. The Exchange must notify an

employer that an employee has been determined eligible for advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange within a reasonable timeframe following a determination that the employee is eligible for advance payments of the premium tax credit and cost-sharing reductions in accordance with § 155.305(g) or § 155.350(a) and enrollment by the employee in a qualified health plan through the Exchange. Such notice must:

    (1) Identify the employee;

    (2) Indicate that the employee has been determined eligible advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange;

    (3) Indicate that, if the employer has 50 or more full-time employees, the employer may be liable for the payment assessed under section 4980H of the Code; and

    (4) Notify the employer of the right to appeal the determination.

45 C.F.R. § 155.310(h). That regulation shows that HHS did not delegate to the IRS the authority to issue notices to employers under ACA § 1411. Such authority rests with the Exchanges.

Yet Faulk claims that if the Court invalidates 45 C.F.R. § 155.310(i) the "IRS will have no basis whatsoever for taking the position that Letter 226-J constitutes a 'certifi[cation] under Section 1411" and will make it "far less likely that IRS continues to do so for tax years for which it has not yet issued such letters." ECF No. 24 at 19. Again, the employer notice and appeal rights described in ACA § 1411 are distinct from the certification requirement in I.R.C. § 4980H. The IRS does not derive its authority to make the § 4980H certification from 45 C.F.R. § 155.310(i). The ACA is silent as to which agency must certify the information described in I.R.C. § 4980H and 45 C.F.R. § 155.310(i) simply clarifies that the IRS will make the certification. Thus, even if the Court invalidates 45 C.F.R. § 155.310(i) it does not follow that HHS is the agency authorized to certify the information required by I.R.C. § 4980H.

Further, Faulk fails to explain how the invalidation of 45 C.F.R. § 155.310(i) would affect the separate notice addressed in 45 C.F.R. § 155.310(h). Again, the notice and appeal provisions in ACA § 1411 and 45 C.F.R. § 155.310(h) are distinct from the assessment process in I.R.C. § 4980H. Compliance with the employer notice requirements in ACA § 1411 is not a condition precedent to an assessment under I.R.C. § 4980H. For these reasons, Faulk lacks standing to seek the requested declaratory relief.

### 2. The Declaratory Judgment Act precludes issuance of a declaration invalidating 45 C.F.R. § 155.310(i).

To the extent a declaration invalidating 45 C.F.R. § 155.310(i) could somehow restrain the IRS's ability to assess an ESRP under I.R.C. § 4980H (it could not), such declaratory relief is barred by the Declaratory Judgment Act. The Anti-Injunction Act and Declaratory Judgment Act apply "when the target of a requested injunction [or declaration] is a tax obligation." *CIC Servs., LLC v. Internal Revenue Serv.*, 593 U.S. 209, 218 (2021). To determine a suit's target, courts look to the face of the taxpayer's complaint. *Id.* Specifically, courts look "to the relief requested—the thing sought to be enjoined." *Id.* The face of Faulk's complaint shows that Faulk seeks to restrain the assessment or collection of an ESRP against it for other tax years. Indeed, Faulk claims that declaring 45 C.F.R. § 155.310(i) void is necessary "given that the IRS continues to assess ESRP excise taxes against [it] in reliance on this misguided HHS regulation[.]" ECF No. 1 ¶ 1; *see also id.* ¶ 33 ("[T]he IRS continues to pursue ESRP excise taxes against Faulk Company in reliance on an HHS regulation that has altogether severed that which is to be 'certified to the employer' from 'under Section 1411.' HHS regulation 45 C.F.R. § 155.310(i) is therefore contrary to the statutory text of the ACA, and Plaintiff seeks the Court's ruling setting aside that regulation.").

Moreover, in its response, Faulk claims that it has appeals pending with the IRS related to

the issuance of Letters 226-J for other tax years and that such ESRP assessments have not been finalized. ECF No. 24 at 19. Faulk argues that declaring 45 C.F.R. § 155.310(i) void will result in the IRS having "no basis whatsoever for taking the position that Letter 226-J constitutes a 'certifi[cation] to the employer under Section 1411" and that it will make it "far more likely that the IRS Independent Office of Appeals" will take certain action in Faulk's "pending appeals." ECF No. 24 at 19. The requested declaratory relief seeks to restrain the IRS's ability to assess and collect ESRPs against Faulk and is thus barred by the Declaratory Judgment Act.

## CONCLUSION

Faulk concedes that count II of the complaint should be dismissed for the reasons set forth in the United States' motion to dismiss. Count I should be dismissed under Rule 12(b)(6) because the IRS's pre-assessment Letter 226-J to Faulk for 2019 satisfied the certification requirement of I.R.C. § 4980H. Counts III and IV should be dismissed under Rule 12(b)(1) because either Faulk lacks standing to seek the requested declaratory relief, or the requested relief is barred by the Declaratory Judgment Act.

Dated: January 10, 2025

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9779 (v)
(214) 880-9741 (f)
Mary.E.Smith@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

  I certify that on January 10, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

            */s/ Mary Elizabeth Smith*
            MARY ELIZABETH SMITH