IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FAULK COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00609-P |
| | § | |
| XAVIER BECERRA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF FAULK COMPANY, INC.'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Plaintiff Faulk Company, Inc. ("Faulk Company") respectfully submits this Motion for Attorneys' Fees and Brief in Support pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, as follows:

## I.   INTRODUCTION

1. Faulk Company files this motion pursuant to Federal Rule of Civil Procedure 54(d)(2) to recover Faulk Company's costs and attorneys' fees as a prevailing party, as provided in 28 U.S.C. § 2412(d) (Count III, declaratory relief against HHS) and 26 U.S.C. § 7430(a)(2) (Count I, civil action for refund). On April 10, 2025, ECF 38 the Court granted Faulk Company's Motion for Summary Judgment in part as to Counts I and III and denied in part as to attorney's fees. The Court signed a Final Judgment on April 25, 2025. ECF 41.

## II.   PROCEDURAL SUMMARY

2. Plaintiff filed its Original Complaint on June 28, 2024, naming as Defendants the United States of America, United States Department of Health and Human Services, Xavier Becerra, in

his official capacity as Secretary of HHS, and Chiquita Brooks-LaSure in her official capacity as Administrator of CMS. ECF 1.

3. All Defendants were timely served with a summons and copies of Plaintiff's Original Complaint. Defendant United States of America ("the Government") filed a Motion to Dismiss Plaintiff's Complaint ECF 15. Subsequently, Plaintiff filed a Motion for Summary Judgment ECF 30. Upon proposal by the Court, the Parties agreed to convert the Government's Motion into a motion for summary judgment because the "disputes appear[ed] to be purely legal in nature." ECF 27.

4. On April 10, 2025, the Court entered an Opinion and Order denying the Government's Motion for Summary Judgment and granting Faulk Company's Motion for Summary Judgment in part as to Count I (a refund claim under the Internal Revenue Code ("Code")) and Count III (declaratory relief concerning HHS regulation 45 C.F.R. § 155.310(i)). They denied in part as to attorney's fees. ECF 38.

5. The amount of reasonable and necessary fees requested to be awarded is $46,922.39.

6. A true and correct summary of the time records supporting the attorneys' fees sought to be awarded as costs is attached to the Declaration of David LeFevre [App. 1-7; 8-11] and the Declaration of Taylor J. Winn [App. 12-17; 18-29].

### III.   EVIDENCE IN SUPPORT OF ATTORNEYS' FEES.

In support of this Motion, Faulk Company submits the evidence attached in its Appendix in Support of Plaintiff Faulk Company, Inc.'s Motion for Award of Attorneys' Fees and Brief in Support ("the Appendix") hereto:

a. Exhibit A is the Declaration of David LeFevre [App. 1-7]; and

b. Exhibit A-1 [App. 8-11] is a true and correct summary of the contemporaneous billing

records of the LeFevre law firm attorneys who worked on behalf of Faulk Company.

    c. Exhibit B [App. 12-17] is the Declaration of Taylor J. Winn; and

    d. Exhibit B-1 [App. 18-29] is a true and correct summary of the contemporaneous billing records of the KHH attorneys and staff who worked on behalf of Faulk Company.

## IV.    ARGUMENTS & AUTHORITIES

**A.    Faulk Company's Request is Timely.**

A fee application under the Equal Access to Justice Act ("EAJA") must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. 28 U.S.C. § 2412(d)(1)(B). The Court entered final judgment on April 25, 2025 ECF 41, and ordered Faulk Company to make its application by May 7, 2025, which Faulk Company does, sufficiently in advance of the statutory deadline.

**B.    Faulk Company Meets the Means Test.**

Internal Revenue Code ("Code") Section 7430 and the EAJA both require that an applicant that is a business have a net worth of no more than $7 million and no more than 500 employees, both of which Faulk Company has declared as true. *Id.* § 2412(d)(2)(B); 26 U.S.C. § 7430(c)(4)(D); ECF 31, Exhibit A, Declaration of Dawson Oswalt, ¶ 3.

**C.    Administrative Remedies are Deemed Exhausted.**

Code Section 7430, applicable to Count I, requires that the prevailing party have exhausted its administrative remedies. 26 U.S.C. § 7430(b)(1). Applicable Treasury regulations deem a party to have exhausted its administrative remedies in the case of a civil action for refund if the party "Did not receive either written or oral notification that an Appeals office conference had been granted within six months from the date of the filing of the claim for refund." 26 C.F.R. § 301.7430-1(f)(3)(iii). Following a taxpayer's filing of a claim for refund on Form 843, the IRS is

to review the claim for refund and allow, deny or partially allow/partially deny the claim for refund, advising the taxpayer of its decision in writing and notifying the taxpayer of its right to appeal. *See* Internal Revenue Manual, § 4.10.11.2.3(7), *available at* https://www.irs.gov/irm/part4/irm_04-010-011#idm140555766564784 (last accessed May 2, 2025). "Notice of claim disallowance" is provided in the form of IRS Letter 105-C or 106-C. *See* Internal Revenue Manual, § 4.19.16.2.4.3(2), *available at* https://www.irs.gov/irm/part4/irm_04-019-016#idm140024167417648 (last accessed May 2, 2025). The IRS provided Faulk Company no notice of claim disallowance in response to its Form 843 refund claim, and Faulk Company has not waived its right to such notice. ECF 31, Exhibit A, Declaration of Dawson Oswalt, ¶ 15. When no notice of disallowance is given, the administrative process is deemed exhausted. 26 C.F.R. § 301.7430-1(g), Example 10.

**D.    Faulk Company Is the Prevailing Party.**

Faulk Company may recover reasonable attorneys' fees under the Code Section as a prevailing party. With respect to Count I, in a tax case, a prevailing party may be awarded reasonable litigation costs if it "substantially prevail[s] with respect to the amount in controversy." 26 U.S.C. § 7430(c)(4)(A)(i). The Court has entered judgment for 100% of the refund amount claimed by Faulk Company.

With respect to Count III, under the EAJA, a party need not prevail on all of its claims, or even on the central issue in the case, but only on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782 (1989). The Court has granted the relief requested in Count III. The Court set aside the HHS regulation that HHS used to deny

Faulk Company due process while purporting to also provide the procedural basis for assessment of ESRP excise taxes. Faulk Company has met its burden of showing it is the prevailing party.

However, under both the EAJA and Code Section 7430, a party will not be a prevailing party if the Government establishes that its position was "substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i); 28 U.S.C. § 2412(d)(1)(A). It is the Government that has the burden of establishing that its position was substantially justified. *Estate of Baird v. Comm'r*, 416 F.3d 422, 446 (5th Cir. 2005); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The agency's position is substantially justified if it is justified to a degree that could satisfy a reasonable person. It is not enough that a position simply possesses enough merit to avoid sanctions for frivolousness; it must have a reasonable basis both in law and fact." *Estate of Baird*, 416 F.3d at 446 (internal citations omitted). The EAJA standard is virtually the same. *See Pierce*, 487 U.S. at 565; *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012).

Again, the Government has the burden of establishing that its litigation position was substantially justified, and Faulk Company need not anticipate the Government's arguments, but Faulk Company offers the Court the following for its consideration.

The Government has taken three litigation positions, none of which were substantially justified. The Government contended first that Faulk Company lacked standing under Article III, and second that the Faulk Company's declaratory judgment claims were barred by the AIA and DJA. In both cases, the Supreme Court precedent on the matter could not be more clear or on-point. The facts presented and relief requested in this matter were straightforward and logical. It requires no complex analysis to apply the law of either issue to Faulk Company's facts and requested relief.

The Government's third contention was on the substance of the matter: whether the IRS can issue the "certifi[cation] to the employer under Section 1411" of the ACA. The Government offered *policy reasons* why the IRS *should* be the proper agency to issue certifications, but those policy arguments mean nothing when a statute and its cross-reference logically point to a different result—particularly when the issue is one of agency authority. No policy argument can change what a statute says is or is not within an agency's authority.

It is true that Code Section 4980H itself does not identify the agency responsible for the certification, but it clearly and unmistakably directs the reader to ACA Section 1411, a public health statute codified at 42 U.S.C. § 18081. This is no passing reference; it is a necessary element of the excise tax imposed by Code Section 4980H, demanding close attention. Under Code Section 4980H, the IRS cannot assess an ESRP excise tax unless there has been a certification "under Section 1411." 26 U.S.C. §§ 4980H(a)(2), 4980H(b)(1)(B). At the very least, to ensure it has a reasonable basis in law for claiming Letter 226-J is that certification, the Treasury Department would need to read Section 1411 and reasonably interpret it. On its face, Section 1411 plainly does not allow Treasury or the IRS to do anything. Section 1411 is similarly clear on the issue of delegation. HHS may delegate certain functions to the exchanges, and it may delegate appeals of an individual's exchange subsidy eligibility to "other Federal officers". 42 U.S.C. §§ 18081(d), 18081(f)(1). Even in a pre-*Loper Bright* world of *Chevron* deference, the law has been long-established that agencies cannot make external delegations without express Congressional authority to do so. See Stephen Migala, *Delegation Inside the Executive Branch*, 24 Nev. L. J. 147, at 159-174, 213-215 (2023) (tracing the origins of the nondelegation doctrine and noting that while differing interpretations of the law developed in the 2000's with respect to internal sub-delegations, the law has been clear for nearly two centuries on the issue of external agency

delegations, like the one at issue here). That HHS did not have legal authority to delegate Section 1411 certifications to the IRS is not something that either HHS or the IRS could reasonably have been confused about. The Government's position in this litigation simply does not have a reasonable basis in law, and it is not substantially justified.

**F.      Faulk's Attorneys' Fees Are Reasonable and Necessary.**

The standard for determining whether judicially awarded attorneys' fees are reasonable and necessary was set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). As stated by the Fifth Circuit Court of Appeals in *Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998): "The calculation of attorney's fees involves a well-established process. First, the Court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. In making a lodestar adjustment the court should look at twelve factors, often referred to as the Johnson Factors, after *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)." Those same factors should be considered in deciding the amount of attorney's fees to award a prevailing defendant in an application for attorney's fees under the EAJA and Code Section 7430. *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995). The Fifth Circuit, however, has clarified that "it is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005).

As shown in the Declarations of David LeFevre and Taylor J. Winn attached to the Appendix, the fees requested by Faulk's counsel for their legal services in preparing Plaintiff's Original Complaint and obtaining a Final Judgment for Faulk were reasonable and customary for

this type of matter. The hours reflected in the summary of contemporaneous time records attached in the Appendix as Exhibit A-1 [App. 8-11] and Exhibit B-1 [App. 18-29] are also reasonable and necessary. Billing discretion is shown by eliminating time charges and fees attributable to the extensive work done on this case. The fees were calculated by multiplying the amount of time spent by counsel by rates they agreed to charge for their work on this case, i.e. the "lodestar" rate.

Hourly rates are capped, though, under both statutes, subject to increases in cost-of-living—i.e., inflation. With respect to EAJA attorneys' fees applications, the Fifth Circuit has used the CPI-U for the South region as its inflationary measure. *Yoes v. Barnhart*, 467 F.3d 426, 427 (5th Cir. 2006). Using available BLS statistics[1] and the analogous methodology suggested by 5 C.F.R. § 2430.4(a)(1)(i), the hourly rate for 2025 is $244.50 (averaging the monthly CPI-U indexes for January through March) and the hourly rate for 2024 is $240.71. With respect to paralegal fees, the United States Supreme Court has held that under the EAJA, paralegal fees are recoverable at "prevailing market rates," up to the statutory maximum for attorney fees. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 587, 590 (2008).

Hourly rates under the Code are adjusted for inflation as well, and according to the relevant IRS Revenue Procedures, the hourly rate for 2025 is $250, and the rate for 2024 is $240. Rev. Proc. 2024-40, § 2.61 (Oct. 22. 2024); Rev. Proc 2023-34, § 3.61 (Nov. 27, 2023). With respect to paralegal fees, courts have applied EAJA jurisprudence to Code Section 7430, providing for recovery of paralegal fees at the prevailing market rate up to the statutory maximum for attorney fees. *See Larsen v. United States*, 39 Fed. Cl. 162, 167 (1997), appeal dismissed per stipulation, 152 F.3d 945 (Fed. Cir. 1998) ("Although the EAJA and I.R.C. § 7430 differ slightly, the court

---

[1] U.S. Bureau of Labor Statistics, *Databases, Tables & Calculators by Subject, CPI for Urban Consumers, Southern Region*, available at https://data.bls.gov/timeseries/CUURN300SA0 (last visited May 2, 2025) (adjusting output options to retrieve figures from 1996 (earliest year available for this data series) to 2025).

has [determined] that case law on the EAJA may be instructive in interpreting I.R.C. § 7430, which was promulgated to remedy a gap in the EAJA's coverage of tax suits.").

To the extent apportionment between the Code and the EAJA is necessary, Plaintiff proposes apportioning fees 80% to Count III and 20% to Count I. *See* [App. 2 ¶ 5].

## V. CONCLUSION

For the foregoing reasons, Plaintiff Faulk Company, Inc. respectfully requests its reasonable and necessary attorneys' fees in the amount of $8,626.00 under Code Section 7430 and $38,296.39 under the EAJA. Faulk was forced to obtain the assistance of counsel to obtain necessary declaratory relief and to obtain its refund from the IRS. Faulk's attorneys' fees are reasonable and necessary for a case of this nature and duration, and an award of fees as costs under Code Section 7430 and the EAJA is justified.

WHEREFORE, Plaintiff Faulk Company, Inc. respectfully prays that the Court award attorneys' fees in the amount of $46,922.39 as set forth herein.

Respectfully submitted,

*/s/ David L. LeFèvre*
David LeFevre
Texas Bar No.: 24072202
Christine Vanderwater
Texas Bar No.: 24137259
**LeFevre Law PC**
Mail:   1302 Waugh Dr #189
Houston, TX  77019
Office: 4201 Main St, Ste 200-153
Houston, TX  77002
(713) 581-1987
david@erisefire.com
christine@erisafire.com

                                        Taylor J. Winn
                                        Texas Bar No. 24115960
                                        Christopher Howe
                                        Texas Bar No. 10089400
                                        **Kelly Hart & Hallman LLP**
                                        201 Main Street, Suite 2500
                                        Fort Worth, TX 76102
                                        Telephone (817) 878-9366
                                        Facsimile (817) 878-9280
                                        christopher.howe@kellyhart.com
                                        taylor.winn@kellyhart.com

                                    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On May 7, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                        */s/ Taylor J. Winn*
                                        Taylor J. Winn