## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| FAULK COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:24-cv-00609 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

STANDARD FOR DETERMINING SUBSTANTIAL JUSTIFICATION ................... 4

ARGUMENT ........................................................................................................... 7

   I.  The United States' position on count I was substantially justified. ................... 7

  II.  The United States' position on count III was substantially justified. ................ 9

      A.  The Court's interpretation of the ACA in count I mooted the United States' arguments as to count III. ............................................................................ 9

      B.  The United States' argument that Faulk lacked standing to seek the relief requested in count III was substantially justified. ..................................... 11

      C.  The United States' argument that the DJA barred count III was substantially justified. ...................................................................................................... 12

CONCLUSION ...................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Bob Jones Univ. v. Simon*,
   416 U.S. 725 (1974) ................................................................................................ 13

*CIC Services, LLC v. Internal Revenue Serv.*,
   593 U.S. 209 (2021) .......................................................................................... 13, 14

*Johnson v. Comm'r of Internal Revenue*,
   972 F.3d 655 (5th Cir. 2020) ................................................................................... 6

*KM Sys., Inc. v. United States*,
   360 F. Supp. 2d 641 (D.N.J. 2005) ......................................................................... 7

*Lennox v. Comm'r of Internal Revenue*,
   998 F.2d 244 (5th Cir. 1993) ................................................................................... 6

*McCabe v. Alexander*,
   526 F.2d 963 (5th Cir. 1976) ................................................................................. 13

*Nalle v. Comm'r of Internal Revenue*,
   55 F.3d 189 (5th Cir. 1995) ..................................................................................... 6

*Nat'l Org. for Marriage, Inc. v. United States*,
   807 F.3d 592 (4th Cir. 2015) ................................................................................... 6

*Pierce v. Underwood*,
   487 U.S. 552 (1988) ................................................................................................. 6

*Rivero v. Fidelity Invs., Inc.*,
   1 F.4th 340 (5th Cir. 2021) ................................................................................... 13

*Smith v. Brady*,
   972 F.2d 1095 (9th Cir. 1992) ................................................................................. 5

*Sylejmani v. Barr*,
   768 Fed. Appx. 212 (5th Cir. 2019) ........................................................................ 6

*TKB Int'l, Inc. v. United States*,
   995 F.2d 1460 (9th Cir. 1993) ................................................................................. 7

**Statutes**

5 U.S.C. §§ 551, *et seq.* ............................................................................................. 3

26 U.S.C. § 4980H ........................................................................................... passim

26 U.S.C. § 4980H(a) ................................................................................................ 1

26 U.S.C. § 4980H(a)(2) .................................................................................... 2, 3, 7

26 U.S.C. § 6751(b) ................................................................................................... 2

26 U.S.C. § 7421 ..................................................................................................... 13

26 U.S.C. § 7430(a)(2) .............................................................................................. 5

26 U.S.C. § 7430(c)(4)(B)(i) .................................................................................. 1, 6

26 U.S.C. § 7430(c)(4)(B)(iii) .................................................................................. 7

28 U.S.C. § 2201-2202 .............................................................................................. 3

28 U.S.C. § 2412(d) .................................................................................................. 5

28 U.S.C. § 2412(d)(1)(A) ........................................................................................ 6

28 U.S.C. § 2412(e) ................................................................................................... 5

42 U.S.C. § 18031(b) ................................................................................................. 2

42 U.S.C. § 18041(c) ................................................................................................. 2

42 U.S.C. § 18081(e) (§ 1411(e) of the ACA) ................................................... passim

42 U.S.C. § 18081(e)(4)(B)(iii) (§ 1411(e)(4)(B)(iii) of the ACA) ........................ 2, 8

42 U.S.C. § 18081(e)(4)(C) (§ 1411(e)(4)(C) of the ACA) ................................................. 2, 8
42 U.S.C. § 18081(f)(2)(A) (§ 1411(f)(2)(A) of the ACA) ................................................. 2
Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010)............... 1

**Regulations**

45 C.F.R. § 155.310(h)................................................................................................3, 11
45 C.F.R. § 155.310(i).................................................................................................. 3

The United States files this response in opposition to Plaintiff Faulk Company, Inc.'s motion for attorneys' fees. ECF No. 42. As detailed more fully below, Faulk is not entitled to attorneys' fees because the United States' position in this case was substantially justified under 26 U.S.C. ("I.R.C.") § 7430(c)(4)(B)(i).[1] This case involves an issue of first impression and requires the interpretation of an ambiguous statute. The Court acknowledged that there is more than one possible interpretation of the statute, interpreting the statute is challenging, and there are problems with both parties' interpretations. Although the Court ultimately adopted Faulk's interpretation, the United States' interpretation of the statute was reasonable and the United States' position was substantially justified. As a result, Faulk's motion must be denied.

## PRELIMINARY STATEMENT

This case arises out of the IRS's assessment of an excise tax against Faulk for tax year 2019 under I.R.C. § 4980H(a). Congress added § 4980H to the Internal Revenue Code as part of the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148, 124 Stat. 119 (2010). Titled "Shared Responsibility for Employers Regarding Health Coverage," I.R.C. § 4980H authorizes the IRS to assess an excise tax known as the employer shared responsibility payment ("ESRP") against certain employers that fail to offer to their full-time employees health insurance coverage that meets certain minimum standards set by the ACA.

Faulk admitted that in 2019 it did not offer its full-time employees the opportunity to enroll in minimum essential coverage through an employer-sponsored health care plan. But Faulk claimed in count I that it was entitled to a tax refund for 2019 because it never received a

---

[1] The United States does not dispute that Faulk meets the other statutory requirements for seeking attorneys' fees as described in Faulk's motion.

certification required by I.R.C. § 4980H.[2] The central issue here concerns the interpretation of I.R.C. § 4980H(a)(2). That statute provides that the IRS may assess an ESRP against an employer who fails to offer its full-time employees the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan for any month if

> at least one full-time employee of the applicable large employer **has been certified to the employer under section 1411 of the Patient Protection and Affordable Care Act** as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee[.]

I.R.C. § 4980H(a)(2) (emphasis added). Section 1411 of the ACA does not mention an employer certification requirement. Instead, ACA § 1411(e) provides that an Exchange[3] must issue a notice to certain employers:

> If the Secretary notifies an Exchange that an enrollee is eligible for a premium tax credit under section 36B of Title 26 or cost-sharing reduction under section 18071 of this title because the enrollee's (or related individual's) employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide that coverage but it is not affordable coverage, the Exchange shall notify the employer of such fact and that the employer may be liable for the payment assessed under section 4980H of Title 26.

ACA § 1411(e)(4)(B)(iii). The notice must also inform the employer of a separate appeals process available to the employer under ACA § 1411(f)(2)(A). *Id.* at § 1411(e)(4)(C).

---

[2] Faulk also sought a tax refund in count II under the theory that the IRS was required, but failed, to obtain supervisory approval under I.R.C. § 6751(b) before making an assessment. Faulk agreed to dismiss count II in response to the United States' motion to dismiss.

[3] Under the ACA, States were directed to establish "Exchanges" for individuals, including employees who are not offered affordable insurance that meets certain minimum standards by their employers, to purchase and enroll in insurance plans. *See, e.g.*, 42 U.S.C. § 18031(b). If a State did not establish an Exchange, HHS was directed to establish and operate an Exchange in that state. *See id.* § 18041(c).

Faulk admitted that "the employer notice requirement of Section 1411 is not, by itself, coterminous with what Congress envisioned when it wrote, 'certified to the employer under Section 1411.'" ECF No. 24 at 25. According to Faulk, "[t]he certification that Code Section 4980H requires employers to have received is the result of the notice *and* appeal procedures—the due process—that Congress required in Section 1411." *Id.* at 26. The United States countered that I.R.C. § 4980H(a)(2) requires employers to receive a certification separate from the notice and appeal procedure described in ACA § 1411. *See* ECF No. 26 at 3 ("Faulk fails to explain how the notice and appeal provisions of ACA § 1411 can constitute the necessary 'certification' under I.R.C. § 4980H when the ACA § 1411 notice does not contain all information required by I.R.C. § 4980H."). Both parties recognized that neither interpretation was perfect. But each side argued that their interpretation was the most reasonable and workable.

Apart from seeking a tax refund, Faulk also sought declaratory relief under the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.* ("APA") and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 ("DJA"). In counts III and IV, Faulk requested that the Court declare HHS regulation 45 C.F.R. § 155.310(i) ("the HHS Certification Regulation") void and unenforceable. The United States contended that the regulation simply confirms that the IRS is the agency that will provide an I.R.C. § 4980H certification to employers, which the IRS does by issuing employers IRS Letter 226-J. Faulk countered that the regulation improperly delegated from HHS to the IRS the authority to issue the ACA § 1411(e) notice. But the United States never argued that IRS Letter 226-J satisfies the requirements of ACA § 1411(e). Indeed, HHS has a separate regulation that requires Exchanges to issue the ACA § 1411(e) notice. *See* 45 C.F.R. § 155.310(h) ("the HHS Employer Notice Regulation").

The United States moved to dismiss counts III and IV based on lack of standing because the IRS does not derive its authority to issue a certification under I.R.C. § 4980H from the HHS Certification Regulation and, therefore, striking the certification would afford Faulk no relief. The United States argued in the alternative that if the Court determined that the HHS Certification Regulation delegated authority to the IRS to issue a I.R.C. § 4980H certification, the DJA barred Faulk's requested declaratory relief because Faulk was attempting to restrain the IRS's ability to assess ESRPs for other years. But the standing and DJA arguments were based on the United States' argument as to count I that I.R.C. § 4980H has a certification requirement separate from the notice required by ACA § 1411(e). The United States never argued that the IRS had the authority to issue the ACA § 1411(e) notice. In other words, the United States never argued that the HHS Certification Regulation constituted a delegation of authority from HHS to the IRS to issue the ACA § 1411(e) notice. Thus, when the Court determined that I.R.C. § 4980H's use of the term "certify" referred to the ACA § 1411(e) notice, the United States' arguments as to count III became moot. The United States' arguments as to count III were substantially justified, but the Court need not even address that issue because the arguments were rendered moot when the Court determined there was no separate certification requirement.

As detailed below, the United States' interpretation of the ACA was reasonable, and the United States' arguments in support of its dispositive motion—which were based on the United States' reasonable interpretation of the ACA—were substantially justified. As a result, Faulk is not entitled to an award of attorneys' fees.

## STANDARD FOR DETERMINING SUBSTANTIAL JUSTIFICATION

Congress has waived sovereign immunity for claims against the United States for attorneys' fees in connection with tax litigation if certain requirements are met. Faulk claims that

it is entitled to attorneys' fees under I.R.C. § 7430(a)(2) for its refund claim in count I and that it is entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as to its APA claim in count III.[4] Faulk's claims for attorneys' fees may be brought only under I.R.C. § 7430. The EAJA contains an exception to its applicability for fees incurred "in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412(e); *see also Smith v. Brady*, 972 F.2d 1095, 1099 (9th Cir. 1992) ("In the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA.").

Section 7430 of the I.R.C. provides for limited fee shifting in any court proceeding brought against the United States "in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment . . . for . . . reasonable litigation costs incurred with such a court proceeding." I.R.C. § 7430(a)(2). Faulk admits that I.R.C. § 7430 applies to count I, but Faulk argues the EAJA should apply to count III. That argument is at odds with the plain language of the EAJA. Moreover, count III was brought "in connection with" the potential ESRP assessments against Faulk for other tax years. Indeed, Faulk alleged that it was entitled to declaratory relief in count III because the IRS proposed assessing ESRPs against it for other tax years and Faulk believed that its requested declaratory relief, if granted, may impact the IRS administrative proceedings related to the pending assessments. Faulk's fee request—for both counts I and III—is governed by I.R.C. § 7430.

---

[4] Faulk did not prevail on all claims. During briefing on the motion to dismiss, Faulk agreed to dismiss count II of the complaint. In addition, the Court did not decide count IV of the complaint and Faulk agreed to the Court's dismissal of that count. Faulk prevailed as to counts I and III, but not counts II and IV.

In any event, under both I.R.C. § 7430 and the EAJA, Faulk is unable to recover its attorneys' fees if the United States' position was substantially justified. *See* I.R.C. § 7430(c)(4)(B)(i) ("A party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."); 28 U.S.C. § 2412(d)(1)(A) (providing that a prevailing party is not entitled to attorney's fees if "the court finds that the position of the United States was substantially justified"). Courts have recognized that "EAJA's definition of 'substantially justified' is 'essentially the same' as in § 7430." *Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 (4th Cir. 2015) (collecting cases); *see also Sylejmani v. Barr*, 768 Fed. Appx. 212, 218 (5th Cir. 2019) (noting that I.R.C. § 7430 has the "identical standard" of whether a position is "substantially justified" as the EAJA). Faulk agrees that the standard for determining whether the government's position is "substantially justified" is the same under both statutes. ECF No. 42 at 5.

"Substantially justified means 'justified to a degree that could satisfy a reasonable person' and having a 'reasonable basis both in law and fact." *Nalle v. Comm'r of Internal Revenue*, 55 F.3d 189, 191 (5th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The substantial justification standard is not overly stringent." *Sylejmani*, 768 Fed. Appx. at 218. The fact that the United States lost on the merits does not mean that the United States' position lacked substantial justification. *See Johnson v. Comm'r of Internal Revenue*, 972 F.3d 655, 658 (5th Cir. 2020) ("'Of course, the ultimate failure of the government's legal position does not necessarily mean that it was not substantially justified. It is, however, a factor to be considered.'") (quoting *Lennox v. Comm'r of Internal Revenue*, 998 F.2d 244, 248 (5th Cir. 1993)).

Courts have found that the United States' position was substantially justified when the legal issue presented is novel or unsettled. *See Nalle*, 55 F.3d at 192 ("[C]ourts have held that

6

petitioners had failed to show that the government's position was not substantially justified when judicial decisions on the issue left the status of the law unsettled, or when the issue was difficult or novel.") (internal footnotes omitted); *see also* I.R.C. § 7430(c)(4)(B)(iii) (providing that when determining "whether the position of the United States was substantially justified, the court shall take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues."); *KM Sys., Inc. v. United States*, 360 F. Supp. 2d 641, 646 (D.N.J. 2005) (United States' position that "did not ignore or run contrary to any well-settled proposition or law" was substantially justified); *TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1468 (9th Cir. 1993) (case presenting "a close question of law" was substantially justified).

As detailed below, the United States' litigation position was substantially justified because the central issue before the Court involved a novel issue of statutory interpretation of the ACA and the United States' interpretation was reasonable.

## ARGUMENT

## I.    The United States' position on count I was substantially justified.

It is undisputed that I.R.C. § 4980H is ambiguous. That statute requires that information be "certified" to an employer under ACA § 1411 before the IRS makes an ESRP assessment, yet there is no employer certification mentioned in ACA § 1411 and the ACA does not provide which agency must issue the certification. The Court acknowledged this ambiguity:

> I.R.C. § 4980H is silent as to which agency must provide certification. It does not explicitly state that HHS *or* the IRS is responsible for such certification. The only indication it provides is that an employer must be "certified . . . *under* [ACA §] 1411."

ECF No. 38 at 7 (quoting I.R.C. § 4980H(a)(2)).

Ultimately, the Court determined that HHS must issue the certification because I.R.C. § 4980H requires the certification to be carried out "under" ACA § 1411 and Congress did not

give authority to the IRS under ACA § 1411. ECF No. 38 at 7-8. The Court recognized, however, that "[t]his is not to say that the Court's reading is without its challenges." *Id.* at 8. The Court explained that even though "I.R.C. § 4980H guarantees an employer 'certification' under ACA § 1411, . . . the word 'certification' does not explicitly appear anywhere in ACA § 1411 with respect to the employer mandate[.]" *Id.* The Court concluded that "Congress likely used 'certified' to refer broadly to the two notices guaranteed to employers prior to assessment of an ESRP: *First*, in (e)(4)(B)(iii), notice to the employer of its liability under I.R.C. § 4980H; and *second*, in (e)(4)(C), notice of an employer's appellate rights." *Id*.

Although the Court ultimately disagreed with the United States' interpretation of I.R.C. § 4980H, the Court recognized the statutory language was anything but straightforward:

> [T]he Court acknowledges that ACA § 1411 does not use the word "certify" with respect to the employer mandate. The Court also agrees that "notice" and "certification" may not be the same. The Court further recognizes that the statutes in question are far from perfectly drafted.

*Id.* at 9; *see also id.* at 8 ("This is not to say the Court's reading is without its challenges."); *id.* at 10 ("[T]here are interpretative challenges for both Faulk's position and the Government's position."); *id.* at 11 ("Although the Court acknowledges that its ruling is not the only possible interpretation of the statutes in question, it is the best interpretation.").

Even Faulk admitted during the litigation that there were "interpretative challenges" to the ACA. ECF No. 24 at 25 ("This is not to say there are no interpretative challenges. There are."). For example, Faulk admitted that "the United States is correct that Section 1411 does not use the term 'certify' or any of its forms with respect to an employer." *Id.* And Faulk admitted that I.R.C. § 4980H fails to specify that a particular agency must certify information to the employer. *Id.* at 22. Faulk also admitted that its interpretation of the ACA had some shortcomings because "[t]he United States also correctly points out that Section 1411 does not afford an

employer notice when its employees become eligible for advance payment of subsidies because the employer's offered coverage fails to provide minimum value" even though I.R.C. § 4980H requires certification to the employer of that information. *Id.* at 27. According to Faulk, "it is true that Section 1411 does not provide for notice in all circumstances in which an employer would be liable for an ESRP excise tax." *Id.* In Faulk's words, "[t]he ACA is far from a perfectly drafted piece of legislation." *Id.* at 28.

Under these circumstances, the United States' position in this litigation was substantially justified. The fact that the United States lost does not mean that the United States' position lacked substantial justification. The United States' statutory interpretation was reasonable, the meaning of the term "certified" in I.R.C. § 4980H and which agency must certify the information described in I.R.C. § 4980H were issues of first impression, and the Court recognized that there are interpretative challenges to both sides' positions. ECF No. 38 at 10. Even though the Court concluded that Faulk's interpretation of the ACA was the "best interpretation" the Court recognized it was not the only possible interpretation. *Id.* at 11. Thus, Faulk's motion for attorneys' fees must be denied.

## II.    The United States' position on count III was substantially justified.

### A.    The Court's interpretation of the ACA in count I mooted the United States' arguments as to count III.

The United States' arguments in support of dismissing count III were substantially justified, but such arguments depended on the Court adopting the United States' interpretation of the ACA; *i.e.*, that I.R.C. § 4980H requires an employer to receive a certification separate from the notice required by ACA § 1411(e). As a result, the United States' arguments as to count III were substantially justified for all the reasons set forth above but became effectively moot when the Court rejected the United States' interpretation and concluded that I.R.C. § 4980H does not

9

require a separate certification and instead only requires the notification referenced in ACA § 1411(e). The United States never argued that Faulk received the ACA § 1411(e) notice, that IRS Letter 226-J satisfied the requirements of ACA § 1411(e), or that the IRS had the authority to issue the ACA § 1411(e) notice. Instead, the United States argued that I.R.C. § 4980H has a certification requirement separate from the employer notice required by ACA § 1411(e) and that the IRS could issue the separate certification.

For that reason, the United States noted in its reply in support of its motion to dismiss that the Court's decision as to count I will necessarily resolve the issues raised in count III. *See* ECF No. 26 at 6 ("Indeed, if the Court determines that the IRS complied with I.R.C. § 4980H when it assessed the 2019 ESRP against Faulk, Faulk cannot prevail on counts III and IV. Or, if the Court finds that the IRS lacks the authority to certify to employers the information detailed in I.R.C. § 4980H, resolution of counts III and IV is unnecessary."). The Court's determination that there was no separate certification required by I.R.C. § 4980H mooted the United States' arguments as to count III.

Significantly, the United States never argued that HHS delegated to the IRS the authority to issue the ACA § 1411(e) notice. Indeed, there is already a separate regulation—HHS Employer Notice Regulation—addressing the ACA § 1411(e) employer notice:

> (h) Notice of an employee's receipt of advance payments of the premium tax credit and cost-sharing reductions to an employer. The Exchange must notify an employer that an employee has been determined eligible for advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange within a reasonable timeframe following a determination that the employee is eligible for advance payments of the premium tax credit and cost-sharing reductions in accordance with § 155.305(g) or § 155.350(a) and enrollment by the employee in a qualified health plan through the Exchange. Such notice must:
>
> > (1) Identify the employee;

10

(2) Indicate that the employee has been determined eligible advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange;

(3) Indicate that, if the employer has 50 or more full-time employees, the employer may be liable for the payment assessed under section 4980H of the Code; and

(4) Notify the employer of the right to appeal the determination.

45 C.F.R. § 155.310(h). The HHS Employer Notice Regulation establishes that HHS did not delegate to the IRS the authority to issue employer notices under ACA § 1411(e).

Thus, when this Court determined that the certification requirement in I.R.C. § 4980H was the same as the ACA § 1411(e) notice, count III became moot. The HHS Certification Regulation does not purport to give the IRS authority to issue the ACA § 1411(e) notice. And the IRS never argued that the Letter 226-J satisfied the requirements of the ACA § 1411(e) notice. The HHS Employer Notice Regulation establishes that the Exchanges are authorized to issue the ACA § 1411(e) notice, not the IRS.

**B.    The United States' argument that Faulk lacked standing to seek the relief requested in count III was substantially justified.**

The Court's determination that Faulk had standing to seek the relief requested in count III was based on two determinations. First, the Court determined that the ACA § 1411(e) notice is the same as the I.R.C. § 4980H certification requirement. *See* ECF No. 38 at 12. Second, the Court determined that HHS attempted to delegate to the IRS the authority to issue the ACA § 1411(e) notice through the HHS Certification Regulation and therefore Faulk had standing to seek an order striking the regulation to ensure that "Faulk's and other employers' future due process rights will be protected." ECF No. 38 at 12.

But, as set forth above, the United States never argued that HHS attempted to delegate to the IRS the authority to issue the ACA § 1411(e) notice. *See* ECF No. 16 at 23 (contending that

11

Faulk's argument that it sustained an injury in count III—that the IRS continued to propose
ESRP assessments against it in violation of I.R.C. § 4980H because any certification must come
from HHS under ACA § 1411—"lacks merit because the § 4980H certification is different from
the Exchange Notice detailed in § 1411 of the ACA."). Authority to issue the ACA § 1411(e)
notice has always remained with the Exchanges as shown by the HHS Employer Notice
Regulation. The United States never argued that the IRS had the authority to issue the ACA §
1411(e) notice and never argued that the Letter 226-J satisfied the requirements of ACA
§ 1411(e).

The United States' standing argument was substantially justified because if the Court had
adopted the United States' interpretation of the ACA—which was reasonable—it would have
concluded that there is a separate certification requirement in I.R.C. § 4980H and that the ACA
permits the IRS to issue that separate certification. The United States maintained that the IRS's
authority to issue the separate certification under I.R.C. § 4980H came from the ACA, not from
the HHS Certification Regulation (which was meant to clarify the certification procedure, not
delegate it from HHS to the IRS). Thus, if the Court had agreed with the United States that there
is a separate certification requirement and the IRS was authorized by the ACA to issue the
certification, Faulk would have lacked standing under count III because striking the HHS
Certification Regulation would afford Faulk no relief.

### C.    The United States' argument that the DJA barred count III was substantially justified.

The United States argued, in the alternative, that count III should be dismissed because
the DJA barred Faulk's requested relief. Specifically, the United States argued if the Court
concluded that there is a separate certification requirement under I.R.C. § 4980H and that the
IRS's authority to issue a certification under I.R.C. § 4980H came from the HHS Certification

Regulation rather than the ACA, Faulk's requested relief would be barred by the DJA. Such

relief would be barred, the United States argued, because Faulk's intent in seeking the requested

relief was to restrain the IRS's ability to assess ESRPs against Faulk for other tax years. Again,

that argument depended on the Court adopting the United States' interpretation of I.R.C.

§ 4980H; *i.e.*, that there is a separate certification requirement under I.R.C. § 4980H. When the

Court rejected that interpretation, the United States' DJA argument became moot.

In any event, the United States' DJA argument was substantially justified. The tax

exemption to the DJA prohibits the issuance of declaratory relief when the target of a requested

injunction is a tax obligation. To determine a suit's target, courts look to the face of the

taxpayer's complaint. *CIC Services, LLC v. Internal Revenue Serv.*, 593 U.S. 209, 218 (2021).

Specifically, courts look "to the relief requested—the thing sought to be enjoined." *Id.* Based on

Faulk's allegations in the complaint and other filings, Faulk appeared to seek relief to restrain the

IRS from assessing an ESRP against Faulk for other years that were already under examination.

*See, e.g.*, ECF No. 1 ¶¶ 1, 33 (alleging that the IRS continues to assess an ESRP against it for

other years); *see also* ECF No. 24 at 19 (noting that declaring the HHS Certification Regulation

void would make it "far more likely that the IRS Independent Office of Appeals" will take

certain action in Faulk's "pending appeals").

Such allegations, the United States argued, distinguished this case from *CIC Services*. In

*CIC Services*, the Supreme Court determined that the Anti-Injunction Act, 26 U.S.C. § 7421,[5] did

not bar the suit because the suit's target was a challenge to the legality of an IRS notice that

---

[5] The federal tax exemption to the DJA is "at least as broad as the Anti-Injunction Act." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976). Controlling precedent holds that the federal tax exemption to the DJA may apply even where the AIA does not. *Rivero v. Fidelity Invs., Inc.*, 1 F.4th 340, 345-46 (5th Cir. 2021).

imposed reporting rules and not an effort to restrain the assessment of a tax penalty that could result if the plaintiff violated the reporting rules. The Supreme Court reasoned that "three aspects of the regulatory scheme here refute the idea that this is a tax action in disguise." 593 U.S. at 209. First, the Court observed that "CIC stands nowhere near the cusp of tax liability." *Id.* at 209-210; *see also id.* at 221 ("[I]t is hard to characterize CIC's suit as one to enjoin a tax when CIC stands nowhere near the cusp of tax liability; to owe any tax, CIC would have to first violate the Notice, the IRS would then have to find noncompliance, and the IRS would then have to exercise its discretion to levy a tax penalty."). Second, the Court further observed that CIC Services faced potential criminal punishment if it violated the IRS notice. *Id.* at 210. As a result, the risk of criminal punishment made it unreasonable for CIC Services to disobey the IRS notice, pay any resulting tax penalty, and bring a refund suit rather than bringing a suit to enjoin the IRS notice at the outset. Third, the Court observed that the IRS notice imposed affirmative reporting obligations on CIC Services, "inflicting costs separate and apart from the statutory tax penalty." *Id.* at 209.

None of the three factors cited in *CIC Services* applies here. Faulk alleged that the IRS had proposed ESRPs against it for other tax years, Faulk does not risk criminal punishment for declining to offer its employees the opportunity to enroll in employer sponsored health care coverage under the ACA, and the ACA does not impose on Faulk costs separate from the ESRP. The United States was substantially justified in arguing that the DJA barred Faulk's requested relief given that Faulk alleged it had existing disputes before the IRS regarding potential ESRP assessments for other years and Faulk believed that the requested relief may affect those assessments. Although the Court disagreed that this case is distinguishable from *CIC Services*

14

and concluded that the DJA did not bar Faulk's requested relief, the United States' argument to the contrary was nevertheless substantially justified.

## CONCLUSION

The United States' position was substantially justified. This case presented issues of first impression as to whether I.R.C. § 4980H requires employers to receive a certification that is distinct from the notice required by ACA § 1411(e) and which agency is required to "certify" the information. Although the Court declined to adopt the United States' interpretation of the ACA, the fact that the United States did not prevail does not mean that the United States' position was unreasonable. The Court recognized that there were "interpretative challenges" to both parties' positions and that there was not just one possible interpretation of the statute. After the Court concluded that I.R.C. § 4980H certification language refers to the ACA § 1411(e) notice and not a separate certification, the United States' remaining arguments as to standing and the DJA became moot. Even though those arguments became moot, the United States had substantial justification to make those arguments in its dispositive motion. For these reasons, Faulk's motion for attorneys' fees must be denied.

Dated: May 21, 2025                     Respectfully submitted,

                                        */s/ Mary Elizabeth Smith*
                                        MARY ELIZABETH SMITH
                                        Maryland Bar No. 0712110235
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        717 N. Harwood, Suite 400
                                        Dallas, Texas 75201
                                        (214) 880-9779 (v)
                                        (214) 880-9741 (f)
                                        Mary.E.Smith@usdoj.gov

                                        *Counsel for the United States of America*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 21, 2025, I filed the foregoing document with the Clerk of Court

using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH