IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FAULK COMPANY, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00609-P |
| | § | |
| XAVIER BECERRA, ET AL., | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF FAULK COMPANY, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR AWARD OF ATTORNEYS' FEES AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Plaintiff Faulk Company, Inc. ("Faulk Company") respectfully submits this Reply in Support of its Motion for Attorneys' Fees and Brief in Support, ECF No. 42. Plaintiff is entitled to attorneys' fees because it has met the prerequisites for such an award and because, as detailed more fully below, the position of the United States and its other defendant agencies (collectively, "the government") was not substantially justified under the Internal Revenue Code ("Code"), 26 U.S.C. § 7430(c)(4)(B)(i), or the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as applicable.

**APPLICABLE STATUTE FOR AWARD OF ATTORNEYS' FEES**

The Code's attorneys' fees provision and the EAJA's similar provision are mutually exclusive; when Code Section 7430 applies, the EAJA does not. 28 U.S.C. § 2412(e). The government contends that Section 7430 of the Code applies to the entirety of this litigation. It does not. Code Section 7430 applies "in connection with the determination, collection, or refund of any tax, interest, or penalty under this title." 26 U.S.C. § 7430(a)(2). While courts have generally

interpreted the phrase "in connection with" fairly broadly—*see e.g., Smith v. Brady*, 972 F.2d 1095 (9th Cir. 1992)—the conduct complained of in such actions is that of the IRS. The government has cited no case in which a declaratory judgment action brought against a different agency seeking to set aside one of that agency's regulations fell within the ambit of Code Section 7430, and Plaintiff could find none. Aside from the apparent lack of precedent, such application of Code Section 7430 is inconsistent with its Congressional purpose.

Code Section 7430 was designed to grant attorneys' fees "to a taxpayer who prevails in any tax case in any Federal court." H.R. Conf. Rep. No. 99-841, 99th Cong., 2d Sess., reprinted in 1986 U.S.C.C.A.N. 4887, 4888. Count III is not a tax claim. It is not dependent on the tax refund claim in Count I, and it could have been brought independently. Count III was brought against HHS, not IRS, and it sought to set aside a regulation issued by HHS, not IRS, implementing Section 1411 of the Affordable Care Act—a public health statute, not the Internal Revenue Code. Just as Count III was not a tax claim under the Declaratory Judgment Act ("DJA") or Anti-Injunction Act ("AIA"), it is not a tax claim under Code Section 7430.

Also, one of the primary differences between the EAJA and Code Section 7430 is the requirement under Code Section 7430 that the prevailing party exhaust its administrative remedies, reflecting a Congressional intent to treat tax matters differently. *See Smith*, 972 F.2d 1095. No administrative remedy in the Internal Revenue Code applies to an Administrative Procedure Act challenge to an HHS regulation issued under the authority of a public health statute, so this Congressional purpose would in no way be served. The declaratory relief sought in Count III is simply incongruent with Code Section 7430.

Code Section 7430 applies to Count I. The EAJA applies to Count III.

## ARGUMENT

**I.    The government's position on the authority of the IRS to issue employer certifications under Section 1411 was not substantially justified.**

The central question presented by this litigation was whether the IRS has the authority to issue the "certifi[cation] under Section 1411" required by Code Section 4980H for an employer to be liable for ESRP excise taxes. ECF No. 34, at 2 n1. If the IRS does not have that authority, then the HHS regulation purporting to be the basis for such alleged IRS authority must be set aside, and, in addition, Faulk Company is entitled to a refund. The government's litigation position has fairly consistently been this, as stated in its Motion to Dismiss:

> The ACA does not require HHS to send the § 4980H certification. The ACA is silent as to which agency must send the certification. Even though I.R.C. § 4980H requires that certain information be "certified to the employer under section 1411 [of the ACA]" before the IRS can assess the ESRP against the employer, § 1411 does not mention the § 4980H certification. Thus, HHS and Treasury issued regulations addressing the certification process. HHS confirmed that the IRS will create the procedure to make the certification required by § 4980H (see 45 C.F.R. § 155.310(i)), and the Treasury regulations describe that certification procedure. *See* 26 C.F.R. § 54.4980H-4. Even if HHS has the authority to design the certification procedure, there is nothing in the ACA requiring that HHS—rather than the IRS—certify the information to the employer.

ECF No. 16, at 11; *see also* ECF No. 26, at 3. The government made essentially the same argument with respect to Faulk Company's standing. ECF No. 16, at 18; ECF No. 26, at 7. Teasing this out a bit, the government's argument has been:

Premise A:    Internal Revenue Code ("Code") Section 4980H requires that certain information be certified to the employer under section 1411 of the ACA, a public health statute;

Premise B:    But the Internal Revenue Code does not expressly state what agency is supposed to issue the certification;

<u>Premise C</u>:    And the public health statute referenced in the Code does not expressly mention a "certification to the employer" in those terms.

<u>Conclusion</u>:    Therefore, as between IRS and HHS, it's ambiguous which agency Congress gave authority to issue employer certifications, so IRS can assume it has authority (or alternatively HHS can "confirm" or "clarify" IRS has the authority).

The premises are true: the Code does not expressly say which agency issues employer certifications; and ACA Section 1411 does not use the term "certified" or any of its forms with respect to employers. But that does not mean any position of the government is necessarily reasonable. Whatever position the government takes to make the final leap of conjecture to its conclusion must still have a reasonable basis in law and fact, and its position in this litigation simply does not have a reasonable basis in law because it necessarily requires that we ignore the phrase, "under Section 1411" and all non-delegation jurisprudence.

The meaning of "certified" in Code Section 4980H has not really been the issue. It may very well be that the most correct interpretation of "certified" is the employer notices required by ACA Section 1411(e), but it would also be reasonable to argue that the certification is the final result of the notice-and-appeal process required by ACA Sections 1411(e) and (f) together. It is also not unreasonable to think that the certification mentioned in 4980H could be some other creation that is an outgrowth of the processes and rights established by Congress in ACA Section 1411. What is patently clear from the face of these statutes, though, is that, whatever the certification is, it must be made "under section 1411." *See* 26 U.S.C. §§ 4980H(a)(2), (b)(1)(B). The failure of Code Section 4980H to identify the agency with authority to issue the certification does not make "under section 1411" any less clear.

Section 1411 is similarly clear about the responsible agency and its power to delegate. Section 1411 unambiguously provides that HHS is responsible for that section. 42 U.S.C. § 18081(a) ("The Secretary [of HHS] shall establish a program meeting the requirements of this section"). The failure of ACA Section 1411 to expressly refer to an employer certification changes nothing about which agency has authority, and the government provided no legal authority to support the idea that this drafting issue has any effect on the authority granted or not granted by Section 1411.

Instead, faced with a clear non-delegation problem, the government downplayed the handoff from HHS to the IRS, denying there was any delegation of employer certifications and calling the HHS regulation a mere "confirm[ation]" or "clarifi[cation]" that the IRS has independent authority to issue the certification. ECF No. 16, at 3, 11; ECF No. 26, at 7. But the government pointed to no statutory provision or other legal authority that gives the IRS the power to issue employer certifications, other than Code Section 4980H itself, which, of course, says the certification must be made "under section 1411," a public health statute under the jurisdiction of HHS. 42 U.S.C. § 18081(a).

The government's argument in this regard also lacked basis in fact because neither the IRS nor HHS acted as if the IRS had any independent authority—quite the contrary, actually. In the course of administrative proceedings the IRS did not assert that it had any authority on its own accord, but rather it pointed to HHS regulation 45 C.F.R. § 155.310(i) as the basis for its assertion that Letter 226-J was the certification required by Code Section 4980H. "The [HHS] regulations at 45 C.F.R. § 155.310(i) provide that … the Internal Revenue Service will adopt methods certify to an employer…." ECF No. 24, Ex. A, at 9.

Moreover, when issuing this regulation, HHS did not say it was "confirming" or "clarifying" that the IRS is the proper agency or has independent authority. Instead, HHS said, "[w]e [referring to HHS and CMS] propose to add" a subparagraph to one of the regulations implementing ACA Section 1411 under HHS and CMS jurisdiction; HHS said that the employer certification program referred to in this new subparagraph was "pursuant to the Secretary [of HHS]'s program for determining [individuals' exchange subsidy] eligibility," and it said that this "[employer] certification program pursuant to the Secretary [of HHS]'s program" would "consist of methods adopted by the Secretary of Treasury." 78 Fed Reg. 4594, 4636 (Jan. 22, 2013). This is not "confirmation" or "clarification" of independent or preexisting authority; it is establishment of a program and delegation of its operation. The IRS and HHS were both keenly aware that the only path to the certification required by Code Section 4980H was through HHS and ACA Section 1411. Claiming otherwise simply does not have a reasonable basis in fact.

To get around the obvious requirement of Code Section 4980H that the employer have received a certification "under Section 1411"—a public health statute that, by its plain terms, permits IRS to do nothing and permits HHS to delegate nothing to IRS with respect to employers— the government argued that "under" meant simply "consistent with." ECF No. 16, at 15; ECF No. 26, at 4. It did so citing no legal authority for the proposition that "under" meant something as flexible as "consistent with." Nor could it because the legal authorities do not support such a meaning of "under." *See Pereira v. Sessions*, 585 U.S. 198 (2018) (considering six definitions of "under" suggested by the parties—"subject to," "governed by," "issued under the authority of," "authorized by," "in accordance with," and "according to"—none of which suggest such a loose connection as "consistent with"); *see also Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109

(2018) (finding that "under" has a close relationship with authority—"pursuant to" or "by reason of the authority of").

Even accepting the government's proposition that "under" could mean "consistent with," the position lacks a reasonable basis in law because there is nothing consistent with Section 1411 about the IRS issuing the certification. While Section 1411 does not use "certified" or any of its forms with respect to employers, it is extremely clear about who does what. HHS is responsible unless the statute says it can delegate something. It can delegate things to the exchanges, and it can delegate an individual's appeals to "such other federal officers," nothing further. Whatever the employer certifications could be, there is simply no reasonable basis in law for taking the position that the IRS could ever do anything "under section 1411" with respect to employers.

## II.     The government's position on standing was not substantially justified.

The government argued that Faulk Company lacked standing because the IRS doesn't need HHS regulation 45 C.F.R. § 155.310(i) to issue the employer certification required by Code Section 4890H, and as a result, the government argued, Faulk Company gains nothing if the Court sets the regulation aside. ECF No. 16, at 18. Again, the government's position was about authority to issue employer certifications (whatever those might be), and there is no reasonable basis for arguing that the IRS can ever have such authority.

## III.    The government's position on the DJA and AIA was not substantially justified.

Admitting that the target of a cause of action is the relief requested, and citing the Supreme Court case *CIC Services, LLC v. Internal Revenue Service*, 593 U.S. 209 (2021), the government argued that Faulk Company sought to restrain the collection of a tax because it requested a declaration setting aside an HHS regulation, quoting various portions of Plaintiff's complaint evidencing Faulk Company's subjective motive. ECF No. 16, at 20. The government never

addressed the holding or any of the reasoning of the Supreme Court in *CIC Services*—such as its distinction between upstream processes and downstream tax collection activities—and instead asked this Court to relitigate the position of the government that it lost in that case. There was no reasonable basis in law for the government's AIA or DJA argument.

## CONCLUSION

The government's litigation position was not substantially justified. The government has challenged Plaintiff's application for attorneys' fees on no other grounds. That this Court was the first to address Code Section 4980H and the Section 1411 certification does not give the government license to make any argument, no matter its basis, at least not without providing compensation to Faulk Company for some of its attorneys' fees. The statutory language is clear: IRS simply did not, does not and, absent an act of Congress, will not have authority to issue employer certifications under ACA Section 1411, and there is no reasonable basis in fact or law for arguing otherwise. The Court should grant Plaintiff's motion.

WHEREFORE, Plaintiff Faulk Company, Inc. respectfully prays that the Court award attorneys' fees as requested in its motion, plus such additional fees as have been incurred subsequent to those previously evidenced.

Respectfully submitted,

*/s/ David L. LeFèvre*
David LeFevre
Texas Bar No.: 24072202
Christine Vanderwater
Texas Bar No.: 24137259
**LeFevre Law PC**
Mail:   1302 Waugh Dr #189
Houston, TX  77019
Office: 4201 Main St, Ste 200-153
Houston, TX  77002
(713) 581-1987
david@erisefire.com
christine@erisafire.com

8

Taylor J. Winn
Texas Bar No. 24115960
Christopher Howe
Texas Bar No. 10089400
**Kelly Hart & Hallman LLP**
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone (817) 878-9366
Facsimile (817) 878-9280
taylor.winn@kellyhart.com
christopher.howe@kellyhart.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On May 28, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_/s/ Taylor J. Winn_
Taylor J. Winn