UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FAULK COMPANY, INC.,**

   Plaintiff,

v.                                                                          No. 4:24-cv-00609-P

**XAVIER BECERRA, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Faulk Company, Inc.'s (Faulk) Motion for Award of Attorneys' Fees (Motion). ECF No. 42. Having considered the Motion, briefing, and applicable law, the Court will **DENY** Faulk's Motion.

## BACKGROUND

Faulk filed its Original Complaint on June 28, 2024. On November 1, 2024, the Government filed a motion to dismiss. Upon proposal from the Court, the Parties agreed to convert the Government's motion to dismiss into a motion for summary judgment. Faulk filed a cross-motion for summary judgment on March 7, 2025.

On April 10, 2025, the Court issued its Opinion & Order granting summary judgment in Faulk's favor on Counts I and III. In the Opinion, the Court denied Faulk's motion for attorney's fees without prejudice and encouraged the Parties to separately brief the issue. Faulk subsequently filed its Motion, and the matter is now ripe for the Court's review.

## ANALYSIS

Faulk seeks attorneys' fees under 26 U.S.C. (I.R.C.) § 7430(a)(2) for its refund claim in Count I and under the Equal Access to Justice Act (EAJA) in 28 U.S.C. § 2412(d) for its claim in Count III.[1] The Court addresses each claim in turn.

### A. Count I

Faulk is not entitled to attorneys' fees on Count I, because the Government's position was substantially justified.

Congress has waived sovereign immunity for claims involving tax litigation if certain requirements are met. Under I.R.C. § 7430(a)(2), attorneys' fees may be awarded to the prevailing party "in connection with the determination, collection, or refund of any tax, interest, or penalty under this title . . . for reasonable litigation costs incurred with such court proceeding." However, "[a] party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." *Id.* § 7430(c)(4)(B)(i). "Substantially justified means 'justified to a degree that could satisfy a reasonable person' and having a 'reasonable basis both in law and fact.'" *Nalle v. Comm'r*, 55 F.3d 189, 191 (5th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Losing on the merits does not necessarily means that the United States' position lacked substantial justification. *See Johnson v. Comm'r*, 972 F.3d 655, 658 (5th Cir. 2020).

If an issue is difficult or novel, the United States' position may be substantially justified. *See Nalle*, 55 F.3d at 192. In *Nalle*, for example, the court found that the validity of a tax regulation was "an issue of first impression." *Id.* As part of its analysis, the court also considered whether the regulation's language was "clear and unequivocal," such that the government's position "was so clearly contrary to that language that its invalidity should have been obvious." *Id.* at 193. Even though

---

[1] Faulk dismissed Count II in response in response to the Government's motion to dismiss. ECF No. 24 at 1. Faulk also agreed to the Court's dismissal of Count IV given summary judgment was entered in Faulk's favor on Count III. *See* ECF No. 38 at 17.

the government's "reliance on selected legislative history of [the regulation] was in error," the government's position was "not entirely without foundation." *Id.* at 194.

The same is true here of the Government's position with respect to Count I. The meaning of the phrase "certified . . . under Section 1411" in I.R.C. § 4980H was a matter of first impression. Not only did the Court recognize the interpretive challenges associated with the statutory framework,[2] but Faulk itself noted such challenges. *See* ECF No. 24 at 25 (admitting that "the employer notice requirement of Section 1411 is not, by itself, coterminous with what Congress envisioned when it wrote, "certified to the employer under Section 1411."). The Court thus finds that the Government's position had a reasonable basis both in law and fact, and its position was substantially justified. Faulk's Motion as to Count I is denied.

## B. Count III

Faulk is likewise not entitled to attorneys' fees on Count III because the Government's arguments on Count III became moot when the Court adopted Faulk's interpretation of I.R.C. § 4980H in Count I.

The Parties dispute whether I.R.C. § 7430 or the EAJA found in 28 U.S.C. § 2412(d) apply to Count III. The Court need not make this determination, however, because both statutes have "identical standard[s]" asking whether the position of the government was "substantially justified." *Sylejmani v. Barr*, 768 Fed. Appx. 212, 218 (5th Cir. 2019); *see also Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 n.4 (4th Cir. 2015).

In any event, the Government's arguments on Count III became moot when the Court adopted Faulk's interpretation of I.R.C. § 4980H. The Government first argued that Faulk lacked standing for Count III. It also argued the Declaratory Judgment Act barred Count III. But both arguments were premised on the interpretation of I.R.C. § 4980H that

---

[2]*See* ECF No. 38 at 10 ("[T]here are interpretive challenges for both Faulk's position and the Government's position.").

3

the Court ultimately rejected. Consequently, the arguments made by the Government became moot once the Court ruled on Count I.

Because the Government's position was substantially justified on Count I, the Court likewise finds the Government substantially justified in pursuing its arguments for Count III premised on its interpretation of I.R.C. § 4980H in Count I.

## CONCLUSION

For the reasons set out above, the Court **DENIES** Faulk's Motion. ECF No. 42.

**SO ORDERED** on this **16th day of July 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE